CHARLES E. LUCAS, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE TOWN OF MONTCLAIR, AND DAVID H. MABEY, ASSESSOR, RESPONDENTS.

Argued January 20, 1942—Decided February 28, 1942.

Before Justices PARKER, DONGES and COLIE.

For the prosecutor, *John A. Bennett.*

For the respondents, *George S. Harris.*

The opinion of the court was delivered by

PARKER, J. The general situation in this case is much the same as that in another litigation between the same parties touching a sewer assessment against the property of prosecutor herein, and decided contemporaneously herewith. 128 *N. J. L.* 149. In that case the sewer ran through Yantacaw Brook Road in front of his property. The two cases were argued together. In the present case the municipality constructed a culvert of reinforced concrete under that road, apparently crossing it at an angle as indicated on the maps. The cost of the culvert was $5,547.45, of which the town assumed $2,655.95 and the balance of $2,891.50 was assessed against property owners including the prosecutor, whose assessment was $174.50 or fifty cents per foot of his frontage on Yantacaw Brook Road. The culvert was apparently necessary to proper maintenance and use of the road. The assessment was confirmed August 26th, 1937, prosecutor not appearing or protesting. The present writ was allowed August 12th, 1941.

Ten reasons were filed. Six allege violation of the federal constitution, three allege violation of the state constitution,

and one alleges general error. The brief, and the oral argument based thereon, do not refer specifically to any of these reasons, but make four points. The first is that a culvert is not an assessable improvement; but to this we cannot agree. There was an existing stream or potential stream, which the solid filling of the road would dam and back up on private property. The stream could have been bridged, and the bridge would have been part of the road. The culvert was no more than a combined bridge and sluiceway to afford an outlet. The claim made in the brief, that it "benefited a drainage area" is specious. What it was intended to do, and doubtless did, was to preserve the *status quo* in the "drainage area" and avoid flooding. It was an improvement of an existing road, and prosecutor, as an abutting owner on that road, was liable to contribute to the cost of the culvert.

The second point is that the cost of the culvert should have been included in the assessment for the opening of the road and not assessed separately. We find nothing in the case about that opening, and this point is not based on any filed reason so far as we can discover, and hence requires no consideration.

The third point is that the assessment map "fails to show the property assessed." The argument is that the property of prosecutor runs about 1,400 feet back from the road, but the map shows merely the frontage, and the side lines running back about 400 feet and ending "in the air." Notwithstanding what is said in the brief, we consider that the map sufficiently indicated the property to be assessed. As was said in *Bursteiner* v. *East Orange*, 2 *N. J. Mis. R.* 165, 174, the "provision of the statute is for the purpose of identification of parcels only, and so long as properly marked or identified, any variance for [from] the strict statutory direction will not vitiate an otherwise valid assessment." That decision was reversed in the appellate court, 100 *N. J. L.* 385, but on the sole ground that the notice of intention did not specify the proposed improvement as "local." In other respects it stands neither reversed nor overruled.

The fourth point is that "the assessment is not under general laws and uniform rules."

The only specific grievance set up under this point is that property of the town was omitted from assessment. What we have said in the sewer case is applicable and need not be repeated here. We deem the point without substance. The fifth point rests on the same claim, with an additional suggestion which we understand to mean that other parcels similar to that of prosecutor were in like manner not completely plotted on the map. Of course what we have said in regard to prosecutor's property on this point is similarly applicable to the others.

The writ will be dismissed, with costs.